## FRED M. BONNER II v. STATE.

176 N. W. (2d) 759.

April 24, 1970—No. 42182.

*Fred M. Bonner II*, pro se, and *C. Paul Jones*, State Public Defender, and *Roberta K. Levy*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a petition for postconviction relief. Petitioner was found guilty of aggravated assault in mutilating his former wife with sulphuric acid. On appeal, we affirmed the conviction. State v. Bonner, 275 Minn. 280, 146 N. W. (2d) 770. Certiorari was denied by the United States Supreme Court. Bonner v. Minnesota, 388 U. S. 923, 87 S. Ct. 2126, 18 L. ed. (2d) 1373. Petitioner thereupon sought relief in the Federal court without success. These proceedings followed. The facts are fully set forth in our prior opinion.

Petitioner asserts that he was denied a fair trial because of the following alleged errors: (1) The admission into evidence of photographs and fingerprints obtained after counsel was appointed and without no-

tice to him; (2) the failure to suppress as evidence boots and a cap which were the product of unreasonable searches and seizures; (3) permitting a police officer who was not a medical expert to express his opinion that an injury on petitioner's face was caused by an acid burn; (4) the prosecutor's distortion of facts in attempting to impeach an alibi witness; (5) the inadequacy of the foundation for impeaching that witness; and (6) pretrial newspaper articles which were inflammatory. We have considered all of the issues presented by the petitioner and find them to be without merit.

The admissibility of photographs, fingerprints, and clothing was fully considered in our previous opinion and does not warrant further discussion. There was no impropriety in a layman's characterizing an injury as a burn. Nor do we find any substance to petitioner's unsupported allegations regarding the manner in which his alibi witness was impeached. As to the pretrial publicity, it is sufficient to observe that petitioner does not claim, nor does the record indicate, that any juror either saw or was influenced by these articles.

Affirmed.